# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | Daniel G. Martin |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4529 | **DATE** | 6/26/2013 |
| **CASE TITLE** | Divane, Jr., et al. vs. Power & Lighting Systems, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons and to the extent stated below, Defendants' Motion to Alter or Amend Judgment [213] is granted. Status hearing set for 7/11/2013 at 9:30 a.m.

■[ For further details see Statement below.]

Notices mailed by Judicial staff.

---

## STATEMENT

On October 24, 2012, Plaintiffs filed their Motion to Substitute Parties. (Doc. 174). The Motion sought to substitute M.P.C Electrical LLC (M.P.C) for Defendant and judgment debtor Midwest Power Construction, Inc. (Midwest Power) on the ground that M.P.C. is Midwest Power's successor. The next day, counsel appeared before this Court and a briefing schedule was set. Defendants timely filed their response opposing Plaintiffs' Motion to Substitute Parties on November 15, 2012. (Docs. 177, 181). Defendants' response argued that the doctrine of successor liability does not apply in this case because Midwest Power did not transfer its interests to M.P.C. and M.P.C. is not a continuation of Midwest Power. (Doc. 181). Plaintiffs filed their reply brief in support of their Motion to Substitute Parties on November 21, 2012. At a status hearing on February 21, 2013, defense counsel stated in open court that her clients "were not opposing" the Motion to Substitute Parties. This Court then granted the motion as unopposed. (Doc. 207).

On May 7, 2013, Defendants moved to alter or amend this Court's order entered on February 21, 2013 substituting M.P.C. for Midwest Power. Defendants assert that "counsel appearing on behalf of Defendants at the February 21, 2013 status inadvertently noted that the Motion to Substitute Parties was unopposed despite Defendants' filed response on November 15, 2012." (Doc. 213 at 1-2). Defendants state they wish to defend the Motion to Substitute Parties and continue supplemental proceedings.

This case was originally assigned to Judge Manning and Magistrate Judge Denlow, reassigned to the undersigned Magistrate Judge on October 1, 2012, and reassigned to Judge Shadur on December 6, 2012. (Docs. 169, 185). On May 23, 2012, Judge Manning referred resolution of all post-judgment matters to the magistrate judge. (Doc. 152). Judge Shadur recently referred Defendants' Motion to Alter or Amend Judgment to the undersigned Magistrate Judge for resolution. (Doc. 215). After reviewing the briefing on the matter, this Court now rules as follows.

Defendants move under Federal Rule of Civil Procedure 60(b)(1) because their motion was filed more than 28 days after the entry of the order against M.P.C. and not later than one year after its entry. Rule 60(b)(1) allows a court to grant relief from a final judgment, order, or proceeding based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." McCormick v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000). A court's decision to allow or deny such relief is reviewed for an abuse of discretion. Tobel v. City of Hammond, 94 F.3d 360, 362 (7th Cir. 1996). An abuse of discretion occurs only if no reasonable person could

---

**STATEMENT**

agree with the court's decision.  Id.

Defendants request relief based on mistake and inadvertence.  Under the circumstances presented here, it is a fair and reasonable exercise of the Court's discretion to grant Defendants' motion.  This is not a situation involving attorney inattentiveness to litigation or neglect of his clients' obligations.  Defendants did not ignore the Motion to Substitute Parties.  Rather, they timely filed a written response opposing the motion.  Defendants also moved for Rule 60(b) relief within a reasonable time and explained that counsel's in court statement was inadvertent and not in bad faith.  The Court has no reason to doubt this representation.  Attorneys and even judges occasionally misspeak in open court.  Based on the record and this Court's preference for resolution of motions on the merits, this Court exercises its discretion liberally and grants Rule 60(b) relief.  The Court need not reach Defendants' alternative argument that the order allowing substitution of parties should be altered or amended because non-party M.P.C. did not receive proper notice of the Motion to Substitute Parties pursuant to Federal Rule of Civil Procedure 25.